**UNITED STATES COURT OF APPEALS**

**October 31, 2012**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ESTEBAN DIAZ,

      Defendant-Appellant.

No. 12-6203
(D.C. Nos. 5:12-CV-00249-M and
5:07-CR-00094-M-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After the government charged Esteban Diaz with distributing and attempting to distribute methamphetamine, the parties struck a deal. Under the deal's terms, Mr. Diaz agreed to plead guilty to a single count of attempted distribution rather than face trial on all the charges against him. Now in this 28 U.S.C. § 2255 motion, Mr. Diaz alleges that his lawyer gave him inaccurate advice in the plea process, promising him that the government would seek a sentence reduction under Rule 35. *See* Fed. R. Crim. P. 35(b)(1) ("Upon the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.").  This inaccurate advice, Mr. Diaz maintains, amounted to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  For its part, the district court agreed that counsel performed deficiently but it ruled against Mr. Diaz on *Strickland*'s prejudice prong.  Mr. Diaz now requests a certificate of appealability (COA) in order to appeal the district court's ruling.

We may grant a COA only if Mr. Diaz makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).  Because Mr. Diaz proceeds in this court *pro se*, we review his pleadings with special solicitude.

With these standards in mind, we conclude that Mr. Diaz is not eligible for a COA.  Mr. Diaz had to show that but for his lawyer's advice it was at least reasonably probable he would have rejected the government's offer, taking the risk that another (presumably better) offer would come his way or he would proceed to trial.  *See Premo v. Moore*, 131 S. Ct. 733, 745 (2011); *Hill v.*

*Lockhart*, 474 U.S. 52, 59 (1985); *see also Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). The difficulty is, there is no evidence in the record suggesting any of this. To the contrary, there's ample evidence the agreement he had in hand was a very attractive one even without the prospect of a Rule 35 reduction. The government agreed to dismiss three of the four counts of his indictment. It promised to recommend a downward adjustment to the advisory guidelines range. *See* Fed. R. Crim. P. 11(c)(1)(B). And it pledged not to inform the court at sentencing of Mr. Diaz's prior drug conviction. *See* 21 U.S.C. § 851(a)(1). Turning down the deal, moreover, carried with it considerable risk given a strong case the government could have presented at trial: the government had intercepted a box of methamphetamine Mr. Diaz *admitted* to mailing from California to Oklahoma. Even without the promise of a Rule 35 motion, then, the deal Mr. Diaz received was a strong one and there is before us no credible account in the record from Mr. Diaz to suggest anything hinged on a Rule 35 promise. Accordingly, we see no way to debate the district court's conclusion that there is no reasonable probability Mr. Diaz would have walked away from the plea he had in hand and taken his chances at obtaining something better from the prosecution or a jury.

The application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge